## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

June 26, 2012

Roger Schlossberg, Esq.
Schlossberg & Associates
134 W. Washington Street
Hagerstown, MD  21740

Alex S. Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Geraldine S. Todd v. Michael J. Astrue, Commissioner of Social Security, PWG-10-945**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Geraldine S. Todd's claim for Supplemental Security Income ("SSI"). (ECF Nos. 11,17,18).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court **GRANTS** the Commissioner's Motion and **DENIES** the Plaintiff's Motion.

Geraldine S. Todd (sometimes referred to as "Ms. Todd", "Claimant", or "Plaintiff"), applied for SSI on March 5, 2007, alleging that she was disabled since October 5, 2007, due to spinal stenosis, pain in her neck and back, and a mental disorder. (Tr. 175, 212, 264).  Her claim was denied initially and upon reconsideration. (Tr. 137-139).  A hearing was held on November 21, 2008, before an Administrative Law Judge ("ALJ"), the Honorable Erin Wirth.  The ALJ subsequently denied Ms.

Todd's claim in a decision dated May 19, 2009. (Tr. 8-17).   The
ALJ found that although Claimant's rotator cuff injury, spinal
stenosis, and cervical radiculopathy were "severe" impairments,
as defined in the Regulations, they did not meet or medically
equal any of the listed impairments ("the Listings") found in
the Regulations. (Tr. 10-11).   The ALJ also determined that
Claimant retained the residual functional capacity ("RFC") to
perform a limited range of sedentary work.[1] (Tr. 11).   The ALJ
found that Claimant was not able to perform any of her past
relevant work ("PRW").   However, after considering her age,
education, work experience, RFC and after receiving testimony
from a vocational expert("VE"), the ALJ determined there were
jobs in the local and national economy that she could perform.
Accordingly, the ALJ found that Ms. Todd was not disabled. (Tr.
8-17). On February 12, 2010, the Appeals Council denied
Claimant's request for review, making her case ready for
judicial review. (Tr. 1-3).

Claimant presents three arguments in support of her
contention that the Commissioner's final decision is not
supported by substantial evidence.   Claimant argues that the ALJ
erred by: failing to consider all of the medical evidence in
determining her RFC; failing to properly analyze her complaints
of pain and; failing to find that she meets Listing 1.04.   *See*
Plaintiff's Memorandum, pp. 4-11.   For the reasons that follow,
I disagree.

Ms. Todd first argues that there is medical evidence which
the ALJ failed to discuss in her decision. Specifically, she
contends that the most recent lumbrosacral studies (an MRI and
x-ray films) reveal such severe medical conditions that had they
been available for review by Dr. Tuwiner, the state agency
consulting physician, he would have rendered an opinion that
contradicted the ALJ's RFC determination.

On February 23, 2009, Dr. Seth Tuwiner examined Ms. Todd
and reviewed her medical records.   Based on his examination and
her records, Dr. Tuwiner stated that Ms. Todd could stand and
walk for approximately 5 hours in an 8-hour workday. The doctor
also stated that his opinion could be "further modified

---

[1]The ALJ found Ms. Todd could: occasionally use her right
dominant hand and arm; occasionally climb, bend, and twist; but
she could not turn her neck to look behind her on a regular
basis.   (Tr. 11)

contingent upon a most recent imaging study." (Tr. 459).   On
March 12, 2009, Ms. Todd had additional studies of her lumbar
spine. (Tr. 98).   On March 13, 2009, Physician's Assistant
("P.A."), Melissa J. Short, of the Parkway Neuroscience and
Spine Institute Center, reviewed Ms. Todd's MRI and x-ray films,
and stated that she was a candidate for an L4-L5 lumbar spinal
fusion.   (Tr. 96-97).

  Based on P.A. Short's statement, Ms. Todd argues that Dr.
Tuwiner's opinion that she can walk and stand for 5 hours would
likely be modified to reflect greater restrictions.   Citing
*Taybron v. Harris*, 667 F.2d 412 (3rd Cir. 1981), Claimant
contends that Dr. Tuwiner's opinions are rendered inconclusive
and therefore the ALJ's reliance upon them in determining her
RFC was improper.   However this argument is not persuasive.
First, unlike the physician's medical report in *Taybron*, which
the court found too inconclusive to be relied upon since the
doctor found no objective evidence to substantiate the patients
allegations of pain, Dr. Tuwiner's report was based on symptoms
which he found were supported by Claimants' complaints of pain,
just not to the extent that she alleged. *Id.* at 414.   Based on
Ms. Todd's allegations of pain, as well as the objective
evidence he had before him, Dr. Tuwiner stated she could only
stand for five hours a day.   More importantly, the ALJ
determined Ms. Todd's RFC was more restricted than the
limitations found by Dr. Tuwiner.   The ALJ restricted Ms. Todd
to walking and standing for only 2 hours a day.   This limitation
was included in the hypothetical presented to the VE. (Tr. 133).
Therefore, I find that all the pertinent medical evidence was
properly considered by the ALJ and I find the ALJ's findings are
explained adequately and are supported by substantial evidence.

  Ms. Todd also argues that the ALJ incorrectly analyzed her
complaints of pain and the effects it had on her ability to
perform work.   Because pain itself can be disabling, "it is
incumbent upon the ALJ to evaluate the effect of pain on a
claimant's ability to function." *Walker v. Bowen*, 889 F.2d 47,
49 (4th Cir. 1989); *see also Myers v. Califano*, 611 F.2d 980,
983 (4th Cir. 1980).   In this Circuit, it is well-established
that an ALJ must follow the two-step process for assessing
complaints of pain set forth in *Craig v. Chater*, 76 F.3d
585,594-596 (4th Cir. 1996).   *See, e.g., Ketcher v. Apfel*, 68 F.
Supp. 2d 629, 652-653 (D. Md. 1999); *Hill v. Comm'r.*, 49 F.
Supp. 2d 865, 868 (S.D.W.Va. 1999).   First, the ALJ must
determine whether there is objective evidence showing the
existence of a medical impairment that reasonably could be

expected to cause the pain the claimant alleges he or she suffers. *Craig*, 76 F.3d at 594, *citing* 20 C.F.R. §§ 416.929(b) and 404.1529(b).  This first prong, however, does not require a determination regarding the intensity, persistence, or functionally limiting effects of the pain asserted. *Id.*  This is reserved for the second inquiry, which is an evaluation of the "intensity and persistence of the claimant's pain, and the extent to which it affects the claimant's ability to work." *Craig*, 76 F.3d at 595. Importantly in assessing the intensity and persistence of claimant's pain, claims of disabling pain may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of her pain.  20 C.F.R. §§ 416.929(c)(2).

Here, it is not the first prong of the *Craig* test that is challenged: clearly, the ALJ found that Ms. Todd suffers from medical impairments reasonably expected to cause pain, namely lumbar and cervical degenerative disc disease, and residuals from her right rotator cuff injury. (Tr. 11-13).  It is the intensity of her pain and its duration that the ALJ questioned. In the ALJ's opinion, the claimant's statements regarding her impairments and their impact on her ability to work were "credible only to the extent of the established residual functional capacity." (Tr. 12).

The ALJ adequately discussed why she found Claimant's statements to be ultimately inconsistent with the clinical and objective findings, her self-reported activities of daily living, the reports from treating and examining physicians, her work history, history of treatment and medications, and other evidence in the record. (Tr. 11-14).  After review of the ALJ's decision and the entire record, I find the ALJ appropriately recognized her duty and evaluated Ms. Todd's allegations of pain.  For example, the ALJ stated that in a report dated June 9, 2008, Dr. Dinakar Murthi found that despite having had a C5-C6 cervical fusion, Ms. Todd had 5/5 strength in all myotomes, and had excellent strength in the left upper extremity, noting however, that she had significant pain and weakness in the right shoulder. (Tr. 13, 440).  The ALJ did not rely solely on the existence or nonexistence of objective medical records in judging the intensity and persistence of her pain.  Rather, the ALJ also evaluated the evidence submitted by Claimant regarding her activities as testified to during the hearing, and the treatments and medications she receives. (Tr. Id.).  These factors, coupled with Ms. Todd's testimony regarding her

4

activities, were appropriately considered, and they provide
substantial support for the ALJ's conclusion.   Accordingly,
there is substantial evidence to support the ALJ's analysis of
Ms. Todd's allegations of pain.

Claimant's final argument is that the ALJ erred at step
three of the sequential evaluation because she failed to find
that Claimant's medical conditions met, or medically equalled,
the listed impairments for a musculoskeletal disorder defined in
Listing 1.04. *See* Plaintiff's Mem. pp. 9-11.

The Claimant contends that she meets Listing 1.04.   While
she does not state which subsection she meets i.e., subsection
A, B and/or C, I agree with the Commissioner that it appears
Claimant implies that subsection A of Listing 1.04 is
applicable.   The Commissioner argues that the record does not
demonstrate the requirements to satisfy 1.04A which requires a
finding of limitation of motion of the spine, motor loss
(atrophy with associated weakness or muscle weakness), and
sensory or reflex loss. *See* Defendant's Memorandum, pp. 14.
After careful review of the record, I find that the ALJ's
decision that Claimant did not meet Listing 1.04 is supported by
substantial evidence and should be affirmed.

The ALJ found that Claimant did not meet Listing 1.04 and,
in relevant part, explained:

> . . . she can still perform her activities of
> daily living and her ambulation is not
> markedly limited. Although the claimant has
> limitations as to the right dominant hand and
> arm as well as neck, she can still perform a
> considerable amount of fine and gross
> dexterity. (Tr. 11).

The reports from Claimant's treating and examining
physicians do not indicate that Ms. Todd had motor loss
(atrophy) as defined in the introduction to Musculoskeletal
Listing 1.00E.   A report of atrophy is only acceptable as
evidence of significant motor loss with circumferential
measurements of both thighs and lower legs, or both upper and
lower arms as appropriate, at a stated point above and below the
knee or elbow given in inches or centimeters.   Therefore
Claimant's argument that she meets Listing 1.04A is without
merit.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

Sincerely,

/s/
Paul W. Grimm
United States Magistrate Judge